UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| United States of America, )<br>    U.S. Department of Agriculture, )<br>    Rural Housing Service and U.S. )<br>    Department of Treasury, Internal )<br>    Revenue Service, )<br>    )<br>                  Plaintiff, )<br>    )<br>        v. )<br>    )<br>Julie M. Curtis, )<br>    )<br>                  Defendant, )<br>    )<br>Maritime Energy, )<br>William J. Knowlton, dba Bill Knowlton Water )<br>  Wells, )<br>Maine State Housing Authority, )<br>Key Bank of Maine, )<br>Penobscot Bay Medical Center, )<br>Harpster Receivables Management )<br>  Corporation, )<br>    )<br>              Parties-in-interest. ) | | CIVIL NO. 06-88-P-C |

## JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on promissory notes, mortgages and reamortization agreements, and defendant, Julie M. Curtis and parties-in-interest, Maritime Energy, William Knowlton, and Key Bank of Maine, having been defaulted for failure to answer to otherwise plead; and parties-in-interest, Maine State Housing Authority, Penobscot Bay Medical Center, and Harpster Receivables Management Corporation, having filed an answer; and it appearing that there is no genuine issue as to any material fact; and that the United States of America,

plaintiff herein, is entitled to such judgment on the complaint; and it appearing from the Declaration of Kimberley P. Pierce that the defendant is neither an infant nor incompetent, nor in the military service of the United States, and that the total amount due to Plaintiff on the note and mortgage is $163,898.65 together with interest and costs; now upon Plaintiff's Motion for Default Judgment and Summary Judgment, it is hereby:

ORDERED, ADJUDGED, AND DECREED that:

1. The Motion for Summary Judgment as to Maine State Housing Authority, Penobscot Bay Medical Center, and Harpster Receivables Management Corporation is granted for the plaintiff.

2. The Motion for Default Judgment as to defendant, Julie M. Curtis and parties-in-interest  Maritime Energy, William Knowlton, and Key Bank of Maine is granted for the plaintiff.

3. Defendant, Julie M. Curtis has breached the conditions of the plaintiff's mortgages.

4. There is due the plaintiff the sum of $93,055.80 in principal, total subsidy granted in the amount of $60,956.38, together with $9,886.47 in interest as of May 2, 2006, for a total of $163,898.65, plus interest accruing thereafter to the date of judgment at the rate of $23.7481 per day, plus any advances made thereafter under the terms of the mortgage plus costs.

5. If defendant, Julie M. Curtis, her heirs or assigns do not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a

representative of the Rural Housing Service (formerly known as Farmers Home Administration), Department of Agriculture, on behalf of the plaintiff, shall sell the mortgaged premises in one parcel or in separate parcels at public sale pursuant to the requirements of 28 U.S.C. Section 2002, 14 M.R.S.A. Sections 6323, 6324, and this judgment.  Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Knox County, Maine, once a week for four (4) weeks.  Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period.  This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

6.  Defendant, Julie M. Curtis, shall deliver possession of the property to plaintiff ten (10) days after the foreclosure sale.

7.  The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale.  The mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

8.  The plaintiff may bid at the foreclosure sale.  If it is the successful bidder, it need not remit any funds to the Marshal provided its bid does not exceed the amount due on its mortgage, costs of this action, and the expenses of sale.  The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff.  Such deed shall convey the premises free and clear of all interests of the

defendants, and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Knox County Registry of Deeds.  Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged premises.

      9.  If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises.  The Marshal shall first pay all costs including the costs and expenses of sale; he shall then pay the plaintiff the principal amount due on its mortgage of $93,055.80, total subsidy granted in the amount of $60,956.38, plus interest in the amount of $9,886.47 through May 2, 2006, for a total of $163,898.65, plus interest from that date through the date of judgment at the per diem rate of $23.7481, plus any advances made thereafter under the terms of the mortgage and costs, plus interest at the legal rate from the date of judgment to the date of sale and costs of suit.  In the event that there is money remaining from the purchase price after payment of the above, the Marshal shall then pay Maine State Housing Authority on its mortgage, recorded in the Knox County Registry of Deeds in Book 1684, Page 42, the amount due, as of the sale date; if after payment of the above, there are remaining funds, the Marshal shall then pay the Department of the Treasury, Internal Revenue Service on its federal tax lien recorded in the Knox County Registry of Deeds in Book 2069, Page 095, the amount due, as of the sale date; if after payment of the above, there are remaining funds, the Marshal shall then pay Penobscot Bay Medical

Center on its Writ of Execution recorded in the Knox County Registry of Deeds in Book 2111, Page 316, the amount due, as of the sale date; if after payment of the above, there are remaining funds, the Marshal shall then pay Harpster Receivables Management Corporation on its Writ of Execution recorded in the Knox County Registry of Deeds in Book 2740, Page 337, the amount due, as of the sale date; and if after payment of the above, there are remaining funds, the Marshal shall then pay Maine State Housing Authority on its mortgage recorded in the Knox County Registry of Deeds in Book 3209, Page 24, the amount due, as of the sale date.  There being no other parties that have filed an answer, any surplusage shall then be remitted to defendant, Julie M. Curtis.

     10.  A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk.  If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due on its mortgage.

Dated: February 16, 2007

                                        <u>/s/ Gene Carter</u>
                                        Gene Carter,
                                        Senior U.S. District Court Judge